UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| JEFFREY J. KAHN,<br><br>                     Plaintiff,<br><br>    v.<br><br>CAROLYN W. COLVIN, Acting<br>Commissioner of Social Security,<br><br>                    Defendant. | Case No. 3:14-cv-05140-BHS-KLS<br><br>REPORT AND RECOMMENDATION<br><br>Noted for October 24, 2014 |

Plaintiff has brought this matter for judicial review of defendant's denial of his application for supplemental security income ("SSI") benefits. This matter has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule MJR 4(a)(4) and as authorized by Mathews, Secretary of H.E.W. v. Weber, 423 U.S. 261 (1976). After reviewing the parties' briefs and the remaining record, the undersigned submits the following Report and Recommendation for the Court's review, recommending that for the reasons set forth below, defendant's decision to deny benefits be reversed and this matter be remanded for further administrative proceedings.

FACTUAL AND PROCEDURAL HISTORY

On October 1, 2010, plaintiff filed an application for SSI benefits, alleging disability as of June 1, 2008. See ECF #13, Administrative Record ("AR") 31. That application was denied upon initial administrative review on February 9, 2011, and on reconsideration on June 20, 2011.

REPORT AND RECOMMENDATION - 1

See id. A hearing was held before an administrative law judge ("ALJ") on September 11, 2012, at which plaintiff, represented by counsel, appeared and testified, as did a vocational expert. See AR 49-80.

In a decision dated March 26, 2013, the ALJ determined plaintiff to be not disabled. See AR 31-44. Plaintiff's request for review of the ALJ's decision was denied by the Appeals Council on December 19, 2013, making that decision the final decision of the Commissioner of Social Security (the "Commissioner"). See AR 1; 20 C.F.R. § 416.1481. On February 25, 2014, plaintiff filed a complaint in this Court seeking judicial review of the Commissioner's final decision. See ECF #3. The administrative record was filed with the Court on May 5, 2014. See ECF #13. The parties have completed their briefing, and thus this matter is now ripe for the Court's review.

Plaintiff argues defendant's decision to deny benefits should be reversed and remanded for an award of benefits or in the alternative for further administrative proceedings, because the ALJ erred: (1) in failing to provide legally sufficient reasons for rejecting the opinion of Jaime G. Yeverino, M.D.; (2) in failing to provide legally sufficient reasons for rejecting plaintiff's subjective complaints; (3) in assessing plaintiff's residual functional capacity; and (4) in finding plaintiff to be capable of performing other jobs existing in significant numbers in the national economy.  For the reasons set forth below, the undersigned agrees the ALJ erred in rejecting the opinion of Dr. Yeverino, and thus in assessing plaintiff's residual functional capacity and in finding him to be capable of performing other jobs existing in significant numbers in the national economy. Also for the reasons set forth below, however, while the Court therefore finds the ALJ erred in determining plaintiff to be not disabled and defendant's decision to deny benefits should be reversed on this basis, this matter should be remanded for further administrative proceedings.

REPORT AND RECOMMENDATION - 2

DISCUSSION

The determination of the Commissioner that a claimant is not disabled must be upheld by the Court, if the "proper legal standards" have been applied by the Commissioner, and the "substantial evidence in the record as a whole supports" that determination. Hoffman v. Heckler, 785 F.2d 1423, 1425 (9th Cir. 1986); see also Batson v. Commissioner of Social Security Admin., 359 F.3d 1190, 1193 (9th Cir. 2004); Carr v. Sullivan, 772 F.Supp. 522, 525 (E.D. Wash. 1991) ("A decision supported by substantial evidence will, nevertheless, be set aside if the proper legal standards were not applied in weighing the evidence and making the decision.") (citing Brawner v. Secretary of Health and Human Services, 839 F.2d 432, 433 (9th Cir. 1987)).

Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971) (citation omitted); see also Batson, 359 F.3d at 1193 ("[T]he Commissioner's findings are upheld if supported by inferences reasonably drawn from the record."). "The substantial evidence test requires that the reviewing court determine" whether the Commissioner's decision is "supported by more than a scintilla of evidence, although less than a preponderance of the evidence is required." Sorenson v. Weinberger, 514 F.2d 1112, 1119 n.10 (9th Cir. 1975). "If the evidence admits of more than one rational interpretation," the Commissioner's decision must be upheld. Allen v. Heckler, 749 F.2d 577, 579 (9th Cir. 1984) ("Where there is conflicting evidence sufficient to support either outcome, we must affirm the decision actually made.") (quoting Rhinehart v. Finch, 438 F.2d 920, 921 (9th Cir. 1971)). [1]

---

[1] As the Ninth Circuit has further explained:

> . . . It is immaterial that the evidence in a case would permit a different conclusion than that which the [Commissioner] reached. If the [Commissioner]'s findings are supported by substantial evidence, the courts are required to accept them. It is the function of the [Commissioner], and not the court's to resolve conflicts in the evidence. While the court may not try the case de novo, neither may it abdicate its traditional function of review. It must

REPORT AND RECOMMENDATION - 3

The ALJ is responsible for determining credibility and resolving ambiguities and conflicts in the medical evidence. See Reddick v. Chater, 157 F.3d 715, 722 (9th Cir. 1998). Where the medical evidence in the record is not conclusive, "questions of credibility and resolution of conflicts" are solely the functions of the ALJ. Sample v. Schweiker, 694 F.2d 639, 642 (9th Cir. 1982).  In such cases, "the ALJ's conclusion must be upheld." Morgan v. Commissioner of the Social Sec. Admin., 169 F.3d 595, 601 (9th Cir. 1999). Determining whether inconsistencies in the medical evidence "are material (or are in fact inconsistencies at all) and whether certain factors are relevant to discount" the opinions of medical experts "falls within this responsibility." Id. at 603.

In resolving questions of credibility and conflicts in the evidence, an ALJ's findings "must be supported by specific, cogent reasons." Reddick, 157 F.3d at 725. The ALJ can do this "by setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings." Id. The ALJ also may draw inferences "logically flowing from the evidence." Sample, 694 F.2d at 642. Further, the Court itself may draw "specific and legitimate inferences from the ALJ's opinion." Magallanes v. Bowen, 881 F.2d 747, 755, (9th Cir. 1989).

The ALJ must provide "clear and convincing" reasons for rejecting the uncontradicted opinion of either a treating or examining physician. Lester v. Chater, 81 F.3d 821, 830 (9th Cir. 1996). Even when a treating or examining physician's opinion is contradicted, that opinion "can only be rejected for specific and legitimate reasons that are supported by substantial evidence in the record." Id. at 830-31. However, the ALJ "need not discuss *all* evidence presented" to him or

---

> scrutinize the record as a whole to determine whether the [Commissioner]'s conclusions are rational.  If they are . . . they must be upheld.

Sorenson, 514 F.2d at 1119 n.10.

REPORT AND RECOMMENDATION - 4

her. Vincent on Behalf of Vincent v. Heckler, 739 F.3d 1393, 1394-95 (9th Cir. 1984) (citation omitted) (emphasis in original). The ALJ must only explain why "significant probative evidence has been rejected." Id.; see also Cotter v. Harris, 642 F.2d 700, 706-07 (3rd Cir. 1981); Garfield v. Schweiker, 732 F.2d 605, 610 (7th Cir. 1984).

In general, more weight is given to a treating physician's opinion than to the opinions of those who do not treat the claimant. See Lester, 81 F.3d at 830. On the other hand, an ALJ need not accept the opinion of a treating physician, "if that opinion is brief, conclusory, and inadequately supported by clinical findings" or "by the record as a whole." Batson v. Commissioner of Social Sec. Admin., 359 F.3d 1190, 1195 (9th Cir. 2004); see also Thomas v. Barnhart, 278 F.3d 947, 957 (9th Cir. 2002); Tonapetyan v. Halter, 242 F.3d 1144, 1149 (9th Cir. 2001). An examining physician's opinion is "entitled to greater weight than the opinion of a nonexamining physician." Lester, 81 F.3d at 830-31. A non-examining physician's opinion may constitute substantial evidence if "it is consistent with other independent evidence in the record." Id. at 830-31; Tonapetyan, 242 F.3d at 1149.

With respect to the opinion of Dr. Yeverino, the ALJ found in relevant part:

> In the opinion of . . . physical examiner, Jaime Yeverino, MD., the claimant has postural restrictions, but did not complete a range of motion form detailing the specific restrictions. Ex. B11/5. Dr. Yeverino opined that he can lift a maximum of 10 pounds. Ex. B11/5. Dr. Yeverino opined that he should not participate in training or employment activities. Ex. B11/6. Dr. Yeverino based his opinions on his physical evaluation which found a positive straight leg raise test bilaterally at "90 degrees" and 3/5 motor strength on his left lower extremity. Ex. B11/8. Dr. Yeverino's opinions are not consistent with or supported by the evidence of record, including Dr. Yeverino's own objective findings and the opinions of [non-examining physician] Dr. [V.] Meenakshi. For example, Dr. Yeverino based his limitations on his own findings, which included lower motor strength noted for his left leg. Ex. B11/8. However, he testified that he experiences *right* leg effects from his low back pain. Further, the MRI imaging shows that his right side may be mildly affected. Ex. B11/9. For these reasons, Dr. Yeverino's opinions carry very little weight.

REPORT AND RECOMMENDATION - 5

AR 41-42 (emphasis in original). Plaintiff argues the above reasons for rejecting Dr. Yeverino's opinion are insufficient. The undersigned agrees.

First, as plaintiff notes, Dr. Meenakshi only evaluated plaintiff in terms of his mental impairments and limitations not his physical ones (see AR 340-53), and thus any inconsistency between Dr. Meenakshi's findings and the opinion of Dr. Yeverino is irrelevant. Second, as plaintiff also notes the MRI imaging actually shows "[m]oderate to advanced" degenerative disc disease in addition to other more mild findings (AR 372), which thus indicates plaintiff's right side may be more than only mildly affected. Third, again as plaintiff notes, examining physician Robert G. R. Lang, M.D., diagnosed him with "low back and right leg pain" based at least in part on the MRI imaging (AR 408), which does provide some additional support for the existence of a significant right side impairment. On the other hand, the ALJ was not remiss in pointing out that Dr. Yeverino's own clinical findings are not consistent with the limitation to sedentary work, as those findings are fairly minimal. See AR 371. Similarly, Dr. Lang's own examining findings appear fairly unremarkable. See AR 408. Thus, while overall the ALJ failed to provide sufficient reasons for rejecting the opinion of Dr. Yerevino given the objective clinical findings discussed above, those findings also do not necessarily provide full support for that opinion such that the ALJ clearly was required to adopt it.

Defendant employs a five-step "sequential evaluation process" to determine whether a claimant is disabled. See 20 C.F.R. § 416.920. If the claimant is found disabled or not disabled at any particular step thereof, the disability determination is made at that step, and the sequential evaluation process ends. See id. If a disability determination "cannot be made on the basis of medical factors alone at step three of that process," the ALJ must identify the claimant's "functional limitations and restrictions" and assess his or her "remaining capacities for work-

REPORT AND RECOMMENDATION - 6

related activities." Social Security Ruling ("SSR") 96-8p, 1996 WL 374184 *2. A claimant's residual functional capacity ("RFC") assessment is used at step four to determine whether he or she can do his or her past relevant work, and at step five to determine whether he or she can do other work. See id.

Residual functional capacity thus is what the claimant "can still do despite his or her limitations." Id. It is the maximum amount of work the claimant is able to perform based on all of the relevant evidence in the record. See id. However, an inability to work must result from the claimant's "physical or mental impairment(s)." Id. Thus, the ALJ must consider only those limitations and restrictions "attributable to medically determinable impairments." Id. In assessing a claimant's RFC, the ALJ also is required to discuss why the claimant's "symptom-related functional limitations and restrictions can or cannot reasonably be accepted as consistent with the medical or other evidence." Id. at *7.

The ALJ in this case found plaintiff had the physical residual functional capacity to perform medium work, with certain additional non-exertional limitations. See AR 36. But because as discussed above the ALJ failed to provide sufficient reasons for rejecting the opinion of Dr. Yerevino indicating an inability to perform at the medium exertional work level, it cannot be said at this time that the ALJ offered a completely accurate assessment of plaintiff's RFC. As such, here too the ALJ erred.

If a claimant cannot perform his or her past relevant work at step four of the sequential disability evaluation process, at step five of that process the ALJ must show there are a significant number of jobs in the national economy the claimant is able to do. See Tackett v. Apfel, 180 F.3d 1094, 1098-99 (9th Cir. 1999); 20 C.F.R. § 416.920(d), (e). The ALJ can do this through the testimony of a vocational expert or by reference to defendant's Medical-Vocational

REPORT AND RECOMMENDATION - 7

Guidelines (the "Grids"). Tackett, 180 F.3d at 1100-1101; Osenbrock v. Apfel, 240 F.3d 1157, 1162 (9th Cir. 2000).

An ALJ's findings will be upheld if the weight of the medical evidence supports the hypothetical posed by the ALJ. See Martinez v. Heckler, 807 F.2d 771, 774 (9th Cir. 1987); Gallant v. Heckler, 753 F.2d 1450, 1456 (9th Cir. 1984). The vocational expert's testimony therefore must be reliable in light of the medical evidence to qualify as substantial evidence. See Embrey v. Bowen, 849 F.2d 418, 422 (9th Cir. 1988). Accordingly, the ALJ's description of the claimant's disability "must be accurate, detailed, and supported by the medical record." Id. (citations omitted). The ALJ, however, may omit from that description those limitations he or she finds do not exist. See Rollins v. Massanari, 261 F.3d 853, 857 (9th Cir. 2001).

At the hearing, the ALJ posed a hypothetical question to the vocational expert containing substantially the same limitations as were included in the ALJ's assessment of plaintiff's residual functional capacity. See AR 77. In response to that question, the vocational expert testified that an individual with those limitations – and with the same age, education and work experience as plaintiff – would be able to perform other jobs. See id. Based on the testimony of the vocational expert, the ALJ found plaintiff would be capable of performing other jobs existing in significant numbers in the national economy. See AR 43-44. But because as discussed above the ALJ erred in evaluating the medical opinion evidence from Dr. Yeverino and in assessing plaintiff's RFC, the hypothetical question the ALJ posed, and therefore the vocational expert's testimony made in response thereto as well as the ALJ's step five determination, also cannot be said to be supported by substantial evidence and therefore cannot be upheld at this time.

The Court may remand this case "either for additional evidence and findings or to award benefits." Smolen, 80 F.3d at 1292. Generally, when the Court reverses an ALJ's decision, "the

REPORT AND RECOMMENDATION - 8

proper course, except in rare circumstances, is to remand to the agency for additional investigation or explanation." Benecke v. Barnhart, 379 F.3d 587, 595 (9th Cir. 2004) (citations omitted). Thus, it is "the unusual case in which it is clear from the record that the claimant is unable to perform gainful employment in the national economy," that "remand for an immediate award of benefits is appropriate." Id.

Benefits may be awarded where "the record has been fully developed" and "further administrative proceedings would serve no useful purpose." Smolen, 80 F.3d at 1292; Holohan v. Massanari, 246 F.3d 1195, 1210 (9th Cir. 2001). Specifically, benefits should be awarded where:

> (1) the ALJ has failed to provide legally sufficient reasons for rejecting [the claimant's] evidence, (2) there are no outstanding issues that must be resolved before a determination of disability can be made, and (3) it is clear from the record that the ALJ would be required to find the claimant disabled were such evidence credited.

Smolen, 80 F.3d 1273 at 1292; McCartey v. Massanari, 298 F.3d 1072, 1076-77 (9th Cir. 2002). Because issues still remain in regard to the medical evidence in the record concerning plaintiff's physical impairments and limitations, residual functional capacity and ability to perform other jobs existing in significant numbers in the national economy, remand for further consideration of those issues is warranted.

## CONCLUSION

Based on the foregoing discussion, the undersigned recommends the Court find the ALJ improperly concluded plaintiff was not disabled. Accordingly, the undersigned recommends as well that the Court reverse defendant's decision to deny benefits and remand this matter for further administrative proceedings in accordance with the findings contained herein.

Pursuant to 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure ("Fed. R. Civ. P.")

REPORT AND RECOMMENDATION - 9

72(b), the parties shall have **fourteen (14) days** from service of this Report and Recommendation to file written objections thereto. <u>See</u> <u>also</u> Fed. R. Civ. P. 6.  Failure to file objections will result in a waiver of those objections for purposes of appeal. <u>See</u> <u>Thomas v. Arn</u>, 474 U.S. 140 (1985).  Accommodating the time limit imposed by Fed. R. Civ. P. 72(b), the clerk is directed set this matter for consideration on **October 24, 2014**, as noted in the caption.

DATED this 3rd day of October, 2014.

Karen L. Strombom
United States Magistrate Judge

REPORT AND RECOMMENDATION - 10